**DAVID J. HOLDSWORTH** (4052)
Attorney for Plaintiff
9125 South Monroe Plaza Way, Suite C
Sandy, UT  84070
Telephone (801) 352-7701
Facsimile (801) 567-9960
david_holdsworth@hotmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| LOUIS C. CAIN, | : | **VERIFIED COMPLAINT** |
| | : | **(JURY TRIAL DEMANDED)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALPINE SCHOOL DISTRICT, | : | Case No. |
| | : | |
| Defendant. | : | Hon. |

Louis C. Cain, Plaintiff herein, by and through his counsel of record, David J. Holdsworth, demands trial by jury, files his Verified Complaint against the Defendant, and as for causes of action, alleges as follows:

## I.  PARTIES

1. Plaintiff Louis C. Cain (hereinafter "Plaintiff") is a resident of the State of Utah and a citizen of the United States.

2. Defendant is Alpine School District.  At all times relevant hereto, Alpine School District (hereinafter "Defendant" or the "District"), employed 15 or more

employees in th State of Utah and is subject to Title VII of the Civil Rights Act of 1964, as amended.

3. On or about April 4, 2011, Mr. Cain filed a Charge of Discrimination with the Utah Labor Commission and U.S. Equal Employment Opportunity Commission in which he alleged that Defendant had discriminated against him based on his race (black) and that the District retaliated against him after he engaged in protected activity.

4. Plaintiff filed his Charge of Discrimination within 180 days from the last date of the alleged harm. Thus, all jurisdictional requirements have been met as required by the Title VII of the Civil Rights Act of 1964, as amended.

## II. JURISDICTION AND VENUE

5. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, for discrimination on the basis of race/color and for retaliation. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5. Jurisdiction is also based on 28 U.S.C. §§ 1331, 1332, 1367 and 42 U.S.C. § 1981, et. seq.

6. Venue is properly set in this Court, in that the facts and decisions Plaintiff alleges herein occurred and the causes of action Plaintiff alleges herein arose in the federal district of Utah.

## III. STATEMENT OF FACTS AND CLAIMS

### A. STATEMENT OF FACTS

7. Plaintiff is African-American and black.

8. Plaintiff alleges that on August 21, 2006, the District hired him to work in a Truck Driver/Warehouse Specialist position.

9. Plaintiff alleges that during his employment, the District has subjected him to harassment and discrimination based on his race/color.

10. Specifically, Plaintiff alleges that a supervisor directed a new driver to cut off the lock attached to the locker assigned to Plaintiff.

11. Plaintiff also alleges that management required him to drive a vehicle with a malfunctioning parking brake and did not otherwise repair equipment that he needed to use.

12. Plaintiff alleges that on July 13, 2010, he complained to District management about his supervisors' conduct towards him in several particulars.

13. Plaintiff alleges that on August 25, 2010, Plaintiff again complained to District management about how his supervisor was treating him.

14. Plaintiff continued to complain to District management about what he, in good faith, believed were practices discriminatory towards him because of his race and color.

15. Plaintiff alleges that thereafter, the District subjected Plaintiff to discrimination and retaliation in various ways, including, but not limited to, the District accusing Mr. Cain of failing to follow written directives, accusing Mr. Cain of failing to maintain a professional work environment and failing to be efficient and productive on the job, accusing Mr. Cain of engaging in unprofessional conducts towards a female principal, accusing him of taking more time than necessary to make deliveries, accusing Mr. Cain of abusing sick leave, requiring Mr. Cain to provide a letter from a medical doctor to qualify for every day of sick leave requested, suspending Mr. Cain without pay for three days for allegedly not taking the most direct route on his deliveries, accusing Mr. Cain of not treating his colleagues, supervisors and other staff members with professional courtesy, accusing Mr. Cain of driving a significant distance off a direct route to his assigned destination, accusing Mr. Cain of using derogatory language with other employees, accusing Mr. Cain of discussing topics that were unprofessional and inappropriate for the workplace and suspending him for five days without pay.

16. Plaintiff alleges that after he complained, the District placed Mr. Cain on probation.

17. Plaintiff alleges the District placed him on probation because he had complained of what he, in good faith, believed were discriminatory practices. In

other words, Plaintiff alleges the District retaliated against him for engaging in protected activity.

18. As noted above, on April 4, 2011, Mr. Cain filed a Charge of Discrimination with the UALD and EEOC.

19. Plaintiff alleges that after filing his Charge of Discrimination, the District has continued to retaliate against him by imposing more severe discipline for allegedly failing to drive the most direct route to make deliveries and allegedly using derogatory language to other employees in the office.

B. CLAIMS.

A. Prima Facie Case of Harassment–Race and Color

20. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 18 above as if alleged in full herein.

21. In order to establish a prima facie case of harassment based on race and color, Plaintiff must establish that: (1) he is a member of a protected class; (2) the Defendant subjected him to unwelcome and unwanted conduct; (3) the Defendant's conduct towards Plaintiff was based on Plaintiff's race and color; and (4) the harassment complained of was sufficiently severe or pervasive as to alter the terms and conditions of his employment, such as creating a hostile work environment.

22. Plaintiff is African-American and black and, thus, he is a member of the respective protected classes.

23. Plaintiff alleges that, as set forth above, the District subjected Plaintiff to unwelcome and unwanted conduct on several occasions and in several ways.

24. Plaintiff alleges the conduct complained of was based on his race and color.

25. Plaintiff alleges the conduct was sufficiently severe or pervasive that it altered the terms and conditions of his employment and created a hostile environment in which he had to work.

**B. Prima Facie Case of Discrimination by Disparate Treatment–Race and Color**

26. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 24 above as if alleged in full herein.

27. In order to establish a prima facie case of discrimination based on race, Plaintiff must establish that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) his employer subjected him to one or more adverse employment actions; and (4) the circumstances surrounding the adverse action(s) give rise to an inference of discrimination on the basis of race and color.

28. Plaintiff is African-American and black and, thus, he is a member of the respective protected classes.

29. Plaintiff alleges he is qualified for the position he held. The District has employed Plaintiff since 2006 and it does not dispute his qualifications. At the time of the events alleged herein, Plaintiff was qualified for the position he held.

30. Plaintiff alleges that, beginning a few months before July 13, 2010, the District began to subject him to several adverse employment actions.

31. Adverse employment action includes any significant change in employment status, such as hiring, serious discipline, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. Piercy v. Makela, 480 F.3d 1192, 1203 (10th Cir. 2007) (quoting Hillig v. Rumsfeld, 381 F.3d 1028, 1032-33 (10th Cir. 2004)).

32. In December 2010, the District placed Plaintiff on probation. His probation resulted in significant changes in his employment status, job security and job opportunities and, thus, Plaintiff alleges the District has taken adverse employment actions against him. Plaintiff alleges that such adverse action has continued and escalated after December 2010 and constitutes a continuing violation.

33. Plaintiff alleges the District has treated him differently and disparately compared to other similarly situated employees not of his race and color. Thus, Plaintiff alleges the circumstances surrounding the adverse employment actions give rise to an inference of discrimination on the basis of race and color.

### C. Prima Facie Case of Retaliation

34. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 32 above as if alleged in full herein.

35. In order to establish a prima facie case of retaliation, Plaintiff must establish: (1) he engaged in protected opposition to discrimination; (2) the District subjected Plaintiff to an adverse employment action contemporaneous with or subsequent to the protected activity; and (3) there is a causal connection between the protected activity and the adverse employment action.

36. Plaintiff engaged in a protected activity. A protected activity consists of: "opposing a practice made unlawful by one of the employment discrimination statutes; or filing a charge, testifying, assisting or participating in any manner in an investigation, proceeding, or hearing under the applicable statute." *See* EEOC Compliance Manual, Sec. 8 (May 20, 1998). Employee opposition to employer conduct is protected if it is based on a good faith belief that Title VII has been violated.

37. Plaintiff engaged in protected activity at various times and in various ways such as when he complained to management about how his immediate management was treating him. Plaintiff alleges that he, in good faith, believed that his immediate management was treating him poorly and disparately because of his race and color.

38. Plaintiff alleges that after he engaged in protected activity, the District subjected Plaintiff to various adverse employment actions, including disciplining him, placing him on probation, suspending him and formally reprimanding him.

39. Plaintiff alleges there is a causal connection between his protected activity and the adverse employment actions he thereafter suffered.

40. Plaintiff alleges his protected activity was followed shortly thereafter by various adverse employment actions.

41. Plaintiff alleges that District management treated him somewhat more favorably before he complained than it has treated him after he complained.

42. Plaintiff alleges that District management has treated him differently and disparately compared to how it has treated similarly situated employees who have not complained.

## IV. DAMAGES

43. Mr. Cain alleges the District's actions and inactions have caused his various losses, injuries and other damages, including damage to his employment record, some loss of wages and benefits, frustration, worry and fear and emotional distress.

## V. RELIEF REQUESTED

Accordingly, based on the above allegations, claims and damages, Plaintiff requests the following relief, specifically an Order and Judgment:

1. Declaring that the District harassed and discriminated against Mr. Cain on the basis of his race and color and retaliated against Mr. Cain on the basis of his protected activity, all in violation of Title VII of the Civil Rights Act;

2. Awarding Mr. Cain "make whole" relief, including cancellation and expungement of the disciplinary actions, fair evaluations of his performance and a prohibition against retaliation;

3. Awarding Mr. Cain his reasonable attorney's fees and costs;

4. Awarding Mr. Cain such other relief as may be just and equitable.

DATED this 1st day of August, 2014.

    /s/ David J. Holdsworth
David J. Holdsworth
*Attorney for Plaintiff*

## VERIFICATION

Louis C. Cain, being first duly sworn, upon his oath, deposes and says that he is the Plaintiff in the above-entitled action, that he has read the foregoing VERIFIED COMPLAINT and understands the contents thereof, and the allegations made therein are true of his own knowledge, except as to those matters alleged on information and belief which he believes to be true.

                                             /s/ Louis C. Cain
                                            Louis C. Cain

SUBSCRIBED AND SWORN to before me, a Notary Public, this ____ day of July, 2014.

                                            _____
                                            NOTARY PUBLIC

MY COMMISSION EXPIRES:     RESIDING AT: _____